# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

LISA MARIE KERR,
an individual,

                Plaintiff,

v.                                    CIVIL ACTION NO. 3:19-0443

SANDRA BAILEY,
TERESA EAGLE,
DAVID PITTENGER,
JOHN ANDREW HESS,
ANDREW PATRICK BALLARD,
individuals in personal capacity,
JEROME GILBERT, an individual
in personal and official capacity, and
MARSHALL UNIVERSITY BOARD
OF GOVERNORS, an entity in personal
and official capacity,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion to Dismiss by Defendants Sandra Bailey, Teresa Eagle, David Pittenger, John Andrew Hess, Andrew Patrick Ballard, Jerome Gilbert, and Marshall University Board of Governors ("MUBG") (collectively referred to as the "2019 Defendants"). ECF No. 15. The 2019 Defendants also have filed a Motion for Sanctions. ECF No. 20. Plaintiff Lisa Marie Kerr opposes these motions. She also has filed a Motion for Leave to File Surreply, and her Surreply, in Opposition to Defendants' Motion for Sanctions. ECF No. 24. For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss, **DENIES WITHOUT PREJUDICE** Defendants' Motion for Sanctions, and **DENIES AS MOOT** Plaintiffs' Motion for Leave to File Surreply, and her Surreply, in Opposition to Defendants' Motion for Sanctions.

# I.
# RELEVANT FACTUAL AND PROCEDURAL HISTORY

This action is the third civil suit Plaintiff has brought arising from her enrollment in Marshall University's Master of Arts in Teaching ("MAT") program. In the fall of 2013, Plaintiff was given a "no credit" grade for her student teaching. As the student-teaching practicum is a requirement of the MAT program, Plaintiff did not receive her degree, nor did she receive her West Virginia teaching license. After failing to get relief through Marshall University's grade-appeals process, Plaintiff, a licensed attorney, filed her first action *pro se* in the Charleston Division of this District on March 14, 2014. *Kerr v. Marshall Univ. Bd. of Governors*, 2:14-cv-12333 (Mar. 14, 2014) ("2014 Complaint").

In her first action, Plaintiff named MUBG; Gene Kuhn, the public school teacher who supervised Plaintiff's student teaching; Judith Southard, the practicum supervisor for Marshall University; Sandra Bailey, the Program Coordinator for Marshall; Teresa Eagle and Lisa Heaton, who both served as Deans of Marshall University's College of Education; and David Pittenger, the Dean of Marshall University's Graduate Studies (collectively referred to as the "Original Defendants"). In her Complaint, Plaintiff alleged seven claims:

> (1) defamation against . . . MUBG, Kuhn, Southard, and Bailey; (2) tortious interference with a business expectancy against . . . MUBG, Kuhn, Southard, Bailey, and Eagle; (3) the tort of outrage against . . . MUBG, Kuhn, Southard, Bailey, and Eagle; (4) a violation of Kerr's due process rights under 42 U.S.C. § 1983 against . . . MUBG, Southard, Bailey, and Eagle; (5) a violation of Kerr's equal protection rights pursuant to § 1983, on the basis of Kerr's sexual orientation, against . . . MUBG, Southard, Bailey, Eagle, Heaton, and Pittenger; (6) a violation of Kerr's equal protection rights under § 1983, as a "class of one," against . . . MUBG, Southard, Bailey, Eagle, Heaton, and Pittenger; and (7) a

> violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§
> 201-219, against . . . MUBG and Kuhn.

*Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 70-71 (4th Cir. 2016). The Original Defendants moved to dismiss Plaintiff's action under Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. *Id*. at 71.

As the case was filed *pro se*, it was referred to a magistrate judge for the submission of proposed findings and recommendations (PF&R) pursuant to 28 U.S.C. § 636(b)(1)(B). After considering the issues, the magistrate judge recommended the district court grant the Original Defendants' motion to dismiss. *Kerr*, No. 2:14-cv-12333, 2015 WL 1405540, at *30 (S.D. W. Va. Feb. 4, 2015). Upon review, the Honorable Thomas E. Johnston, District Judge, denied Plaintiff's objections to the PF&R and dismissed the action. *Kerr*, No. 2:14-cv-12333, 2015 WL 1405537, at *26 (S.D. W. Va. Mar. 26, 2015). On appeal, the Fourth Circuit Court of Appeals affirmed Judge Johnston's decision. *Kerr*, 824 F.3d at 84.

Not deterred by these rulings, Plaintiff returned to the district court and filed her second action on July 22, 2016, against the exact same Defendants she named in the 2014 Complaint. *Kerr v. Marshall Univ. Bd. of Governors*, No. 2:16-cv-06589 (S.D. W. Va. July 22, 2016) ("2016 Complaint"). In the 2016 Complaint, Plaintiff re-alleged her defamation, due process, and equal protection claims. She also asserted a class action due process claim.

The Original Defendants moved to dismiss the second action as being barred by *res judicata* and the statute of limitations. In response, on October 26, 2016, Plaintiff filed a Motion to Reopen and Consolidate her 2014 case with her 2016 action. *Kerr*, 2:16-cv-06589, ECF No. 10.

In his PF&R, the magistrate judge recommended the Original Defendants' motion be granted and Plaintiff's motion be denied. *Kerr,* No. 2:16-cv-06589, ECF No. 19. Over Plaintiff's objections, Judge Johnston adopted the PF&R, dismissed Plaintiff's second Complaint, and denied her motion to reopen and consolidate her first two actions. *Kerr*, No. 2:16-cv-06589, 2017 WL 4176229 (S.D. W. Va. Sept. 21, 2017).

In his Memorandum Opinion and Order, Judge Johnston found Plaintiff obviously was using her 2016 Complaint merely as a vehicle to amend her 2014 Complaint. *Id*. at \*2. However, Judge Johnston ruled Plaintiff could not amend her 2014 Complaint because it was dismissed with prejudice, and the Fourth Circuit affirmed that dismissal on the same grounds as the district court without remanding the case or indicating the decision should be without prejudice. *Id*. at \*5-6. In addition, Judge Johnston determined the 2016 action was barred by the statute of limitations because West Virginia's savings statute did not apply as the 2014 action was dismissed on the merits. *Id*. at \*6. Given the merit-based dismissal, Judge Johnston further held her 2016 action was barred by *res judicata*. *Id.* at \*6-9.[1]

While Plaintiff pursued her 2016 action, Plaintiff also filed a Motion to Re-Open the Judgment, and for Leave to Amend her Complaint in her 2014 case on June 30, 2017. *Kerr*, 2:14-cv-12333, ECF No. 47 (June 30, 2017). Judge Johnston denied the motion. In doing so, he specifically found "Plaintiff has strategically drug Defendants through litigious waters for the better part of four years in two separately filed actions. . . . [T]he Court is convinced that

---

[1]Judge Johnston also ruled Plaintiff could not serve as a class representative because she did not have a valid due process claim. *Id.* at \*9.

indications of bad faith coupled with the additional prejudice it would cause Defendants are reason enough to forbid Plaintiff from amending her Complaint at this exceptionally belated point in time." *Kerr*, 2:14-cv-12333, 2018 WL 934614, at *16 (S.D. W. Va. Feb. 16, 2018).

Plaintiff appealed the decisions in both cases to the Fourth Circuit. On August 28, 2018, the Fourth Circuit affirmed. *Kerr v. Marshall Univ. Bd. of Governors*, 735 Fed. App'x 827 (4th Cir. Aug. 28, 2018). Thereafter, on February 19, 2019, the United States Supreme Court denied Plaintiff's petition for writ of certiorari. *Kerr v. Marshall Univ. Bd. of Governors*, 139 S. Ct. 1198 (2019).

Less than four months after her unsuccessful attempts to continue with her first two cases, Plaintiff filed her current and third action in the Huntington Division of this District.[2] Once again, Plaintiff names most of the Original Defendants, specifically: Sandra Bailey, Teresa Eagle, David Pittenger, and MUBG. In addition, Plaintiff also names Jerome Gilbert, Marshall University's President, and John Andrew Hess and Andrew Patrick Ballard, the attorneys who represented the Original Defendants in the first two actions (collectively referred to as the 2019 Defendants).[3] Like the 2014 and 2016 actions, Plaintiff makes claims for defamation, denial of due process, and the denial of equal rights (unlawful discrimination). Plaintiff also adds claims for fraud, abuse of process, and conspiracy to deny equal rights. Plaintiff seeks $36,000,000 in relief.

---

[2] The current action was filed on June 10, 2019.

[3] Plaintiff did not name Gene Kuhn, the classroom teacher, or Judith Southard, the practicum supervisor, in this newest action.

# II.
# DISCUSSION

Although the Fourth Circuit has not ruled whether a complaint should be liberally construed when filed by a *pro se* attorney plaintiff, the Court shall afford Plaintiff this benefit out of an abundance of caution. *See Kerr*, 824 F.3d at 72 (liberally construing Plaintiff's arguments). This Court also accepts the factual allegations made in the Complaint as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Complaint must be "plausible" and set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555-56 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. at 555. (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 556 U.S. at 678 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id*. (citation omitted). The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (citations omitted) (quoting, in part, Fed. R. Civ. P. 8(a)(2)). The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

Additionally, when the issue of *res judicata* is raised as a ground to dismiss, as here, "a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." *Q Int'l Courier, Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006) (citing *Andrews v. Daw*, 201 F.3d 521, 524 n. 1 (4th Cir. 2000)). "Under the doctrine of *res judicata*, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (other citations omitted)). By barring these subsequent claims, "'[r]es judicata . . . encourages reliance on judicial decisions, bars vexatious litigation, and frees

the courts to resolve other disputes.'" *Id*. (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)). For *res judicata* to apply, three elements must be satisfied: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Id*. at 354–55 (citation omitted).

In applying these factors to the present case, the Court finds all three criteria clearly are met with respect to those claims Plaintiff previously made and has realleged against the Original Defendants in the 2019 Complaint. As explained by Judge Johnston, the first action was dismissed on the merits with prejudice, resulting in the second action being barred by *res judicata*. *Kerr*, No. 2:16-cv-06589, 2017 WL 4176229, at *8. Plaintiff insists, however, that the current action is different than the previous two actions because Defendants conspired to commit a fraud, and she just learned of the fraud in "mid-2018." Specifically, Plaintiff alleges that Defendant Bailey, who was aided by Defendant Eagle, forged the Clinical Experience Evaluation Form that was relied upon in deciding the first two actions. *2019 Compl.*, at ¶4. Thereafter, all the 2019 Defendants (including those not named in the previous two actions) colluded with one another to make the Court believe the evaluation was legitimate, even though the 2019 Defendants either knew or should have known the document was forged. As a result, she argues her 2019 action is not barred because the 2014 and 2016 actions were obtained by fraud. Upon review, however, the Court finds Plaintiff's allegation of fraud is insufficient to save her current action.

Although Plaintiff repeatedly makes conclusory statements in her 2019 Complaint and her briefs that the evaluation was forged, Plaintiff fails to offer even a scintilla of evidence to support her claim. Plaintiff suggests that she realized her evaluation was forged in "mid-2018"

when, according to her, Defendants refused to "authenticate" the document upon her "demand." *Pl.'s Resp. in Opp. to Defs.' Mot. to Dismiss*, at 4, ECF No. 18.[4] Plaintiff then speculates that the reason why Defendants refused to authenticate the document is because it was forged. Plaintiff adds that, because the Complaint must be presumed as true, any disputes about her knowledge and reliance cannot be addressed at the 12(b)(6) stage. Therefore, she argues the Court cannot dismiss her 2019 Complaint. However, Plaintiff's argument belies the very basic principles this Court must apply in evaluating a Rule 12(b)(6) motion.

While Plaintiff goes on incessantly in her 2019 Complaint and subsequent briefs about the evaluation being forged and the many ways she believes she was wronged by Defendants, her long-winded rants are without substance and the factual support required to avoid dismissal under Rule 12(b)(6). As stated above, Plaintiff must offer at least some evidence to support her claim of fraud other than her personal belief that the evaluation must be a forgery. Plaintiff's conjecture about the authenticity of the evaluation is just that—conjecture. It is well established that Plaintiff cannot use her 2019 Complaint as a fishing expedition in the hopes of supporting her speculation there was fraud. *See, e.g., Wamsley v. LifeNet Transplant Servs. Inc.,* No. 2:10-CV-00990, 2011 WL 5520245, at *6 (S.D. W. Va. Nov. 10, 2011) (granting motion to dismiss fraud claim as "it appear[ed] to the Court that there was no substantial prediscovery evidence of Defendants' alleged misconduct and that this case is a fishing expedition brought in the dim hope of discovering a fraud" (internal quotation marks and citation omitted)). Plaintiff's mere

---

[4]Plaintiff gives no explanation upon what authority she had to "demand" Defendants "authenticate" the evaluation in "mid-2018."

speculative, conclusory, and threadbare allegations that the evaluation was forged fail to permit this Court to infer a plausible claim of misconduct.

Additionally, although the Court finds Plaintiff has not established a sufficient factual basis of fraud, even if it did, the Court also agrees with Defendants that Plaintiff's claim of fraud would be barred by the statute of limitations. Despite her contention she did not realize the forgery until "mid-2018," the evidence in the record demonstrates otherwise. For instance, Plaintiff stated in a brief she filed with the Fourth Circuit that she had an "a-ha" moment on March 22, 2016,[5] that the evaluation must have been "forged/ altered" by one or more of the Marshall Defendants. *Pl.'s Suppl. Resp. and Cross-Mot. for Sanctions Against Andrew P. Ballard and John A. Hess for Frivolous Appellate Tactics Pursuant to Fed. R. App. P. 38 and Fed. R. Civ. P. 11(b)(3)* at 3 n.1, *Kerr v. Marshall Univ. Bd. of Governors*, Nos. 17-2243(L) & 18-1195 (consolidated) (4th Cir. Mar. 19, 2018). She further told the Fourth Circuit that, knowing the evaluation was fraudulent, she filed a "fresh action" in July 2016 (the 2016 Complaint) to allow defense counsel to "walk away" from what they must have known was a fraudulent document. *Pl.'s Consol. Informal Br.*, at 10, *Kerr v. Marshall Univ. Bd. of Governors*, Nos. 17-2243(L) & 18-1195 (consolidated) (4th Cir. Mar. 19, 2018). As defense counsel continued with their representation, she argued the Fourth Circuit should sanction them for using a "forged/altered document" and relying upon the district court's decision "they had obtained through fraud on the court[.]" *Pl.'s Suppl. Resp. and Cross-Mot. for Sanctions Against Andrew P. Ballard and John A. Hess for Frivolous Appellate Tactics Pursuant to Fed. R. App. P. 38 and Fed. R. Civ. P. 11(b)(3)* at 4-5. These statements definitively establish Plaintiff believed the evaluation was "forged" and there

---

[5] She said it occurred during oral arguments before the Fourth Circuit.

was a "fraud on the court" long before "mid-2018" as she now claims. *Id*. Thus, even if the Court did have evidence of fraud (which she did not set forth in her 2019 Complaint), the 2019 Complaint was untimely filed.[6]

Additionally, the fact Plaintiff has named three new Defendants in her 2019 Complaint, namely defense counsel and the President of Marshall University, and asserts additional claims of abuse of process and conspiracy make no difference to this Court's decision. Plaintiff concedes that all her claims are "woven together" by her claim of forgery. *Pl.'s Resp. in Opp. to Defs.' Mot. to Dismiss*, at 7. As her claim of forgery fails for the reasons stated above, the rest of her claims against all Defendants likewise fail. Therefore, the Court **GRANTS** Defendants' Motion to Dismiss as to all Defendants and all claims.

Turning next to the Motion for Sanctions by the 2019 Defendants, the Court finds Plaintiff's attempt to use an unsupported allegation of fraud to bootstrap yet another action based

---

[6]In response, Plaintiff quotes her 2019 Complaint that, "[d]espite growing suspicions, [she] relied on the forged evaluation as authentic until approximately October 2018, when defendants failed and refused to authenticate it in court proceedings." *2019 Compl.*, at ¶33. Plaintiff states she knew the document was altered, but she thought it was altered by her classroom supervisor. *Id.* at ¶40. As she just recently learned the evaluation was forged, Plaintiff argues her 2019 Complaint should be permitted to proceed. However, Plaintiff's post-hoc rationalization is belied by her own statements before the Fourth Circuit in which she repeatedly referred to the evaluation as being "forged" and expressly alleged there was a "fraud on the court." *Pl.'s Suppl. Resp. and Cross-Mot. for Sanctions Against Andrew P. Ballard and John A. Hess for Frivolous Appellate Tactics Pursuant to Fed. R. App. P. 38 and Fed. R. Civ. P. 11(b)(3)*, at 4-5. Plaintiff argues the Court should ignore Defendants' "quibbles" with her timeline and simply accept her most recent spin on the facts that she did not know about the fraud until "mid-2018," as alleged in the 2019 Complaint. *Pl.'s Resp. in Opp. to Defs.' Mot. to Dismiss*, at 4. However, what Plaintiff characterizes as "quibbles" is a meritorious defense, and Plaintiff cannot escape her own prior inconsistent statements by hiding behind an erroneous understanding of what is required when faced with a Rule 12(b)(6) motion.

on the same core set of facts treads dangerously close to bad faith and to justifying an award of sanctions in favor of Defendants. Although the Court assumes at this point that Plaintiff believes in the merits of her case, she cannot continue to litigate claims which have been dismissed with prejudice by the courts. The judgments against her have finality and, whether Plaintiff agrees with those judgments or not, she cannot keep filing new actions against Defendants for the same alleged transgressions. Plaintiff's decision to bring this third action has resulted in five years of repetitious litigation. Although the Court, in its discretion, declines to award sanctions at this point, the Court **DENIES** Defendants' Motion for Sanctions **WITHOUT PREJUDICE**. If Plaintiff files a fourth frivolous or vexatious action against Defendants, the Court very likely will impose significant sanctions against her.

## III.
## CONCLUSION

Accordingly, for the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 15) and **DISMISSES** this action **WITH PREJUDICE**. The Court also **DENIES WITHOUT PREJUDICE** Defendants' Motion for Sanctions (ECF No. 20) and **DENIES AS MOOT** Plaintiffs' Motion for Leave to File Surreply, and her Surreply, in Opposition to Defendants' Motion for Sanctions. ECF No. 24.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: December 4, 2019

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE